IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELVIS ODELL WILKERSON | § | |
| v. | § | CIVIL ACTION NO. 9:11cv4 |
| JOYCE FRANCIS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Elvis Wilkerson, a former inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. 636(c). As Defendants, Wilkerson named Nurse Joyce Francis, Sgt. Terry Lindner, Dr. Betty Williams, Dr. James Smith, the University of Texas Medical Branch, and the Texas Department of Criminal Justice.

Wilkerson complained that he fell on the stairs at the Hughes Unit on March 16, 2009, injuring his hand. He was subsequently transferred to the Eastham Unit. There, on August 10, 2010, Wilkerson was assigned to Three Row, despite having ground floor restrictions as well as heat restrictions. The next day, he was returning to his housing assignment when he tripped on the stairs and fell down 13 steps to the second row landing. Nurse Joyce Francis and Sgt. Terry Lindner forced him to his feet and made him walk down another 13 steps to One Row, where he was placed in a wheelchair.

The Defendants Williams, Francis, and Smith have filed a motion for summary judgment stating that on August 24, 2010, Wilkerson filed a Step One grievance, no. 2010223512, complaining about the fall, but did not file a Step Two appeal of this grievance. On November 10, 2010, Wilkerson filed another grievance, no. 2011045938, complaining about the fall, but did not mention

1

Williams, Francis, or Smith in this grievance. These Defendants therefore assert that Wilkerson failed to exhaust his administrative remedies.

The Defendant Terry Lindner filed a separate motion for summary judgment. This motion points to three grievances which Wilkerson filed; no. 20110223512, no. 2011048398, and no. 2011087046. Lindner notes that no. 3512 had no Step Two appeal filed, and that no.'s 8398 and 7046 were both filed more than 15 days after the incident occurred and thus were untimely.[1] Lindner also argues that Wilkerson failed to exhaust his administrative remedies.

In his response to the motions for summary judgment, Wilkerson says that he filed grievance no. 2011035081, which was returned unanswered; however, he says that it received a number at the top, showing that it was filed, but it was not answered. His Step Two appeal was also returned, along with a note that he could not file a Step Two grievance without an answered Step One. This note also indicated that his Step One grievance was under review, which Wilkerson says is proof that it was filed but lost or not returned. Thus, Wilkerson states that he has sufficient evidence to show that he has exhausted his administrative remedies.

Wilkerson attaches a copy of a Step One grievance, which has no. 2011035081 written at the top. This purported grievance is signed on November 15, 2010, and contains a "request to be seen by an outside physician (unbiased)" under Rule 35 of the Federal Rules of Civil Procedure. He complains of an injury sustained on August 11, 2010, and of the medical care which he received in response to that injury. The grievance has no response.

Wilkerson then attaches a copy of a purported Step Two grievance, no. 2011035081, which is dated on November 18, 2010, just three days after the Step One grievance was signed. This grievance also complains that the medical department refuses to cooperate with his request to be seen

---

[1] Grievance no. 2011045938, mentioned by the Defendants Williams, Francis, and Smith, is the same as grievance no. 2011048398, mentioned by Lindner. The numbers are difficult to read but it appears that 2011048398 is correct.

by an outside physician under Rule 35, and says that he has continuously requested treatment but is told that "he has been seen" or "that's normal." This form also bears no response.

Neither of these grievances appears in the copy of Wilkerson's certified, authenticated grievance file which was provided to the Court at the evidentiary hearing. This file does contain a grievance upon which the identifying number 2011035081 does appear, in a box labeled "For Office Use Only" on page 2; however, this grievance is dated October 25, 2010, and concerns a complaint that Wilkerson has been housed with an inmate named Eddie Lee Gadis. The grievance was screened (i.e. returned unanswered), for the reason given of "malicious use of vulgar, indecent, or physically threatening language."

The three grievances referenced by the Defendants in their motions appear in Wilkerson's grievance file. No.'s 2011048398 and 2010223512 were not appealed to the Step Two level. Grievance no. 2011087046 was signed on January 24, 2011, and makes no mention of a fall down the stairs; in fact, the Step One grievance refers to this present lawsuit by cause number, and thus was necessarily written after this lawsuit was filed. No other grievances in the file refer to this incident.

Legal Standards and Analysis

The Fifth Circuit has explained that under the Prison Litigation Reform Act, prisoners must properly exhaust such administrative remedies as are available prior to filing a civil rights lawsuit under 42 U.S.C. §1983 concerning prison conditions. 42 U.S.C. §1997e(a); Dillon v. Rogers, 596 F.3d 260, 265 (5th Cir. 2010). The requirement of "proper exhaustion" means that the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-91 (2006). This means, for example, that a grievance which is appealed to Step Two, but in an untimely manner, does not exhaust administrative remedies. Brown v. Civigenics, 439 Fed.Appx. 370, 2011 WL 3821068 (5th Cir., August 29. 2011), *citing* Woodford, 548 U.S. at 83-84.

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (explaining TDCJ grievance procedure). Both steps must be pursued for the grievance to be exhausted. Johnson, 385 F.3d at 515, *citing* Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In this case, the summary judgment evidence shows that Wilkerson did not exhaust his administrative remedies, in that he did not file any timely grievances regarding the subject matter of this lawsuit which were answered at the Step One and Step Two levels prior to the filing of the lawsuit. The Fifth Circuit has explained that the purpose of the grievance requirement is to give prison officials "a fair opportunity under the circumstances to address the problem that will later form the basis of the lawsuit." Johnson, 385 F.3d at 517. Because Wilkerson did not complete the grievance procedure in a procedurally proper manner, he did not give the Defendants a fair opportunity to address the problem of which he complains.

Wilkerson argues that he tried to exhaust his administrative remedies, attaching a purported copy of a grievance which he says that he filed. This grievance does not appear in his grievance file, and the number which he assigns to it is attached to a completely different grievance. In any event, it is plain that the grievance which Wilkerson attaches to his response does not serve to exhaust administrative remedies because it was not timely filed. The Step One grievance which he attaches is dated November 15, 2010, almost two months after the incident took place. The TDCJ grievance procedure specifies that grievances must be filed within 15 days after the incident occurs. *See* Johnson, 385 F.3d at 519 (noting that "we agree with the defendants that Johnson has not exhausted any claims that arise from events that occurred more than 15 days before this grievance"); *see also* Johnson v. Kukua, 342 Fed.Appx. 933, 2009 WL 2566999 (5th Cir., August 20, 2009) (stating that "Texas prisoners must file their Step One grievance within 15 days of the alleged incident," and affirming dismissal for failure to exhaust where the plaintiff's complaint "makes clear that he failed to file his grievance within the time required under the TDCJ rules.") Similarly, the grievance which Wilkerson uses to argue exhaustion was signed well after 15 days of the alleged incident and thus

did not constitute "proper exhaustion." The summary judgment evidence shows that Wilkerson has failed to exhaust his administrative remedies and his claim on this point is without merit.

## Conclusion

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to

come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Recile, 10 F.3d at 1097 n.15. A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Hulsey, 929 F.2d at 170, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In this case, the summary judgment evidence shows that there are no disputed issues of material fact and that the Defendants are entitled to judgment as a matter of law in that Wilkerson failed to properly exhaust his administrative remedies, as required by 42 U.S.C. §1997e(a). As a result, Wilkerson has failed to state a claim upon which relief may be granted, predicated upon his failure to exhaust administrative remedies. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); Emmett v. Ebner, 423 Fed.Appx. 492, 2011 WL 1659878 (5th Cir., April 29, 2011) (affirming dismissal of complaint for "failure to state a claim upon which relief may be granted, predicated on the failure to exhaust administrative remedies," and holding that the dismissal counted as a strike for purposes of 28 U.S.C. §1915(g)). The Defendants' motions for summary judgment are meritorious, and it is accordingly

ORDERED that the Defendants' motions for summary judgment based upon failure to exhaust administrative remedies (docket no.'s 98 and 99) are hereby GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, predicated upon the failure to exhaust administrative remedies. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **6** day of **December, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE